First case this afternoon is actually a consolidated matter. It is Lynch v. the Department of Transportation and Storm v. Department of State Police. Case numbers 4111040 and 4111048 for the appellant Randall Schmidt for the case. May it please the court, I am Randall Schmidt and I represent two plaintiffs in this case, both Mr. Lynch and Mr. Storm. The central issue in both appeals is the same. The question is whether the state of Illinois waived its right to sovereign immunity under the Illinois Constitution. Prior to this argument, however, the court sent a notice to us asking us to address another issue that wasn't raised in the briefs or in the pleading, and that is specifically what remedy exists for plaintiffs if the state has sovereign immunity. And although I don't think you need to reach that issue, I will address it first since the court asked us to. I think that the answer to that question, if you find that the state is entitled to sovereign immunity, the appropriate remedy in this case would be to remand this case to the district court with instructions to allow Mr. Lynch and Mr. Storm to have the commission as a defendant. We have circuit courts in Illinois, you mean the trial court? The trial court, I'm sorry, I apologize. Go ahead. The circuit court direct it to allow the plaintiffs to have the commission as a defendant and then the lower court would then order the commission to process the claim. I get that answer from the case of Watt v. Governor State University, 106 Elam 3rd, 851. I thought there was a time limitation on whether the commission could be added and that that time limitation has passed. Well, there's a time limit to file in the commission. The question is what do we do in this case where the plaintiffs did everything the state told them to do, but now they're finding out that they're being barred from proceeding. And that's what happened with Mr. Lott. He filed a claim in the circuit court under the provision of the Illinois Human Rights Act that was then later declared unconstitutional. And so when the appellate court got that issue, they said we have an unconstitutional statute that you base your claim on and we have the U.S. Supreme Court's case in Logan v. Zimmer and Brush saying that plaintiffs in these cases have a protected property interest. What do we do? And what they did in that case is they did exactly what I said. They remanded the case to the district court. They remanded the case to the circuit court and ordered the circuit court to allow the plaintiff to add the department to the case and then the department was ordered to take the case. And so that's, I think, the answer if you get to the issue that the state... And what case was that? It's Lott v. Governor State University, 106 Illap 3rd, 851. I have the other sites if you want. The case that declared the statute unconstitutional was Wilson v. All Steel, 87 Ill 2nd, 28 1981. And then Logan v. Zimmer and Brush is the U.S. Supreme Court case that is also cited in Lott. I have the lawyer's edition site, 71 L.E.D. 2nd, 265, 1982. So your answer to the question is there may be a remedy and that remedy would involve getting the case back before the commission in the manner in which you suggested. That's correct. And that was the remedy that the court in Lott came up with for an alleged situation. But as I said, I don't think you need to get to that issue. I think that if you read the Human Rights Act as a whole, the state has waived sovereign immunity. Counsel, let me address that directly. If I understand, and these are not rhetorical questions, so if I am misstating your position, please correct me. If I understand your position, you are contending that the legislature waived sovereign immunity when it initially enacted the Rights Act of 1980? Yes, that is our position that to the extent sovereign immunity applied to the action because plaintiffs were seeking recovery from the state, money damages, significant money damages, sovereign immunity was waived. So because of that and the inclusion of state and definition of employer in 1980, with regards to the 2008 amendment, your position is that no further action needed to be taken by the legislature for sovereign immunity to apply? That's correct. Because the Supreme Court has said you read an amended statute as if the amendment had been there from when it was enacted. So I suppose, here's my fundamental question. Under the original Rights Act of 1980, the state could be brought as a defendant before the Human Rights Commission, could it not? That's correct. Why does that constitute a waiver of sovereign immunity when the provision talks about not being made a party or defending a party in any court? Well, I think that the question is how do we interpret court? Do we mean court, a constitutionally created court, or do we mean an adjudicative body that is going to make the state pay money? The inclusion of the Court of Claims specifically in the Immunity Act suggests that we're talking more than just courts. The Court of Claims uses court in its name, but it's a creature of the legislature. It is equivalent to the commission. It's a fact-finding body that's going to make determinations and award money for the plaintiffs. The General Assembly, I think, recognizes this as well because there are, and we cite them in our reply brief, some administrative statutes. The Illinois Educational Labor Relations Act, I believe, is what we cite, that there's no opportunity for court other than administrative review or enforcement, and the state waives sovereign immunity, the explicitly waives sovereign immunity. But as, indeed, I can't remember if it was your brief or the amicus brief, points out, the involvement of courts is much more potentially intrusive in several different ways than just administrative agency. I think it was the amicus brief, and it's not that it's intrusive. It's a different quality of adjudication. Well, broader, more powerful, lots of discovery, all kinds of stuff going on with a court proceeding that is not the case in an administrative proceeding. Rather, more limited, and for instance, discovery hardly exists. I disagree with that. Proceedings in the commission are entitled to full discovery. We get interrogatories, we get document requests, we get requests submitted. We don't get depositions as of right. We can ask the administrative law judge, but that's the full range of discovery. The trials are trials. There's a court reporter there, the witnesses are sworn, the trials last. What about remedies available? The remedies are identical. When the legislature amended the act, they didn't change the remedies. All they said is that, as you read the act as a whole, the state, who is an employer by definition, if they violate the act to discriminate against individuals, those individuals at some point in the process have the option of suing the state, either in the circuit court or in the commission. That is the way you read the act today as amended. The fact that in 2008 we added, or the circuit court of the General Assembly added, or the circuit court, shouldn't be read in isolation. It has to be read as part of the whole act. And I think those three provisions make this case different than the other cases that are relied on to say there's no sovereign. In Madigan, the Environmental Protection Act, it included the state. I believe the phrase was other governmental entities and state agencies. And the court recognized that the act was such that the state was supposed to be sued for violations of that. The problem in Madigan, though, was the phrase may sue. It says that a third party may sue. It doesn't say where. And so they concluded that that may sue wasn't sufficient to waive sovereign immunity. And so if you're going to sue the state for violations of the Environmental Protection Act, the Illinois Environmental Protection Act, you have to sue in the court of claims. Here, we don't have a may sue. You have the option of filing a complaint in the Human Rights Commission or in the circuit court of the appropriate county. We have a specific form. And going back to Lott, the reason I cite Lott is, there's a lot of reasons, but it also involved this claim of whether this claim under this act that was declared unconstitutional, whether that claim should be brought in the circuit courts or in the court of claims. That was the issue actually before the appellate court. But while it was pending, Wilson came down saying the statute was unconstitutional. Logan came down saying there's a constitutional right in these things. And so they decided that the appropriate remedy wasn't to send it to the court of claims, but to send it to the commission because that's what the act says. And so here we have the state being allowed to be sued and the option of suing them either in two specific entities, the Human Rights Commission or state court. If we were to agree with you, would we have to expressly disagree, decline to follow the recent decision of the first district in Watkins? Well, there's a lot of evidence that says the state did not waive sovereign immunity. But neither Watkins or the district court or the federal court opinion talk about state. Neither of them read the act as a whole, as amended. They focus just on the amendment. And they're looking for something in the amendment that says the state is waiving sovereign immunity. And that's not what's required. But even if we look at the amendment... What do you mean that's not required? I thought it had to be clear that there was a waiver. And I think it's clear, saying that the state can be a defendant and that defendants are employers and that employers can be sued in the circuit court, I think is clear. Certainly it could have been clearer. They could have said we waive sovereign immunity. I can see. But the Supreme Court's made it clear that's not the only way to do that. And I think there's no reason to have a state... You're talking to a former legislator here who always stood for absolute clarity in all his legislative proposals. That was always the goal. So anyway, I just think that there was no reason to include the state explicitly. This isn't other governmental entities or state agencies. This is the state, capital S, regardless of the number of employees. That's how they define one of the definitions of an employer for purposes of the act. I don't think there's any reason to include it other than that. I think that if you look at the amendment and say, well, the legislature is going to be surprised that they waive sovereign immunity, I think that also disregards the canon of statutory construction. And that is we assume the legislature knows how an act's been implemented. And at the time in 2008 when the right to sue bill was being considered, the legislature knew that the state had been sued for 30 years under this act. They knew that they had been subjected to thousands and thousands of dollars in awards to victims of discrimination. They knew they had been enjoined to hire and promote and reinstate people that they had hired. They knew all that was going on and they didn't say, okay, well, we don't want the state to be subject to those things in court, which is, I guess, our position that they should have done since they allowed it to go on initially. If they're going to change that, they needed to do it. They just said, no, fine, we're simply changing the options the complainant has. We're adding an additional forum for the plaintiff to be able to pursue their case. They can pursue it in the commission or they can go to circuit court. So I think that the state's argument that we focus on the amendment and look at it ignores what the legislature knew when it amended the act. Let me just add one other point, and that is that, and I touched on this initially, I understand there's some tension between our position, at least with respect to the commission and the waiver of sovereign immunity and the immunity act because of the phrase court. But as I said, I just think that if you look at the immunity act itself, the question is why did they include the court of claims if they really meant just constitutional courts as opposed to agencies that adjudicate. And then again, I think that in terms of the statutes, which provide for extensive administrative remedies, why does the general assembly waive sovereign immunity and those other than the fact that the state's going to be subject to an adjudication and an award of damages. And the last point that I'd like to make is just kind of another principle of substantial reconstruction, is that we need to kind of interpret this act so that it makes sense. It makes sense in the larger scheme. And I think if you look at the scheme of anti-discrimination laws, saying the state is immune from actions under the Human Rights Act in the state court creates kind of an absurd result. And this was one of the points in the amicus brief and in our reply brief. Right now, if the claims involved are covered both by, for example, Title VII and the Illinois Human Rights Act, a race case, a sex case, that plaintiff would have the option of suing the state in state court for violations of Title VII, race discrimination, sex discrimination. Yet that same plaintiff on those same facts would not be able to sue that employer or the state as their employer in state court. And again, going back to the idea that the remedies make a difference, Title VII allows for punitive damages against employers who violate Title VII. The Human Rights Act doesn't. So not only are we allowing the plaintiff to sue for the same facts on their federal rights in state court, we're allowing them to get potentially greater remedies, but we're depriving them of bringing the identical action based on the same facts on the state law. So I think that that interpretation leads to kind of the absurd result that some plaintiffs get some remedies and others don't. And that's just not what the intent of the legislature should be. So unless there are other questions, that's my argument. I've seen them, but you will have rebuttal. Okay. Thank you. Thank you. Mr. Rousset. Good afternoon, Your Honors. May it please the Court, my name is Paul Rousset. I'm an Assistant Attorney General for the State of Illinois. I represent the Illinois Department of Transportation and the Illinois State Police in these consolidated appeals. The circuit court properly dismissed the Illinois Human Rights Act claims here as barred by sovereign immunity. The Illinois Supreme Court in Ray's special education blocker in 1989, 23 years ago, established a very straightforward test for determining when the state has waived sovereign immunity for a particular cause of action. Under that test, the waiver must be clear and unequivocal. It must be expressed through specific legislative authorization and must appear in affirmative statutory language. It cannot be implied or inferred. And it cannot be found by inaction or non-action by the legislature. So the Illinois Supreme Court noted in Walker that because the legislature knows how to express the waiver of sovereign immunity, when it does not, that must be presumed to be intentional. Below, claims were arguing to the circuit court that Walker was incorrectly decided and asked the court not to follow it, which of course the circuit court was not free to do. On appeal, they have not made that argument again. However, they have not shown that they meet the test in Walker for an expressed waiver of sovereign immunity. And they apparently acknowledge that this court should apply that test. The first district in Lowboy also recently applied, just three years ago, the in Ray's special educational blocker test. In that case, the city of Harvey wanted to bring a claim under the Environmental Protection Act against the state. And while you can bring such a claim, because there was not an expressed, clear, and unequivocal waiver of sovereign immunity in the Environmental Protection Act, they could only bring that action in the court of claims, not in the circuit court. What about the argument that Mr. Schmidt made about not following Watkins? Well, the result in Watkins, if this court were to rule in Plankton's favor, the result would differ from Watkins in that Watkins found that the legislature had not expressly waived sovereign immunity. However, the arguments are different in the cases. There were two cases, two arguments raised in Watkins that are not raised here, and the argument that's raised here was not raised in Watkins. So, while the results would be inconsistent, they're not in direct conflict. In Watkins, the plaintiffs were arguing that the 08 amendment to the Human Rights Act contained an express waiver, and the court rejected that. Plaintiffs here are not arguing that. They're saying that the waiver occurred way back in 1980. Well, if we accept this argument then, aren't you undercutting the presidential value of Watkins for our purposes? Well, no. I mean, I think that you should reach the same result, which is that the legislature did not waive sovereign immunity. However, the Watkins court did not address this specific issue about the definition of employer, and they criticized it as being superficial, but the fact is that the parties didn't raise that argument. That argument has never been raised in the federal district court decisions, which are all in accord with Watkins, and it wasn't raised in Watkins. I think after Watkins and the federal district court decisions, the court closed the argument based on the 08 amendment containing an express waiver, or the 04 amendment to the State Lawsuit Immunity Act being construed as also an express waiver, which made no sense because no one could sue in circuit court in 04. Now this is kind of the last grasp, is to try to argue that, well, 28 years before the door was opened to the circuit court, somehow the legislature envisioned that at some point there would be a need to waive sovereign immunity. And also this argument that sovereign immunity applies to administrative agency proceedings, which is just not borne out by the law. If you look at the plain language of the State Lawsuit Immunity Act, it says that the state shall not be made a defendant or party in any court. And in their opening brief and in their reply, they did not argue that the commission is a court for purposes of that language. We heard that for the first time today. But in any event, it's clearly not correct. I mean, the plain language of what a court is, they don't say a court or administrative agency, they say a court. And also they could not point to a single case where any court had ever found that sovereign immunity applied to agency proceedings. So because under the Walker test, there clearly was no waiver in 08, there doesn't have to be magic words, the legislature doesn't have to say the state waives sovereign immunity, but there has to be a clear reference to the state. So for example, in that language where they said that a complainant could commence an action in circuit court, they could have said, in parentheses, including one against the state, and that would have acted as an express waiver, but they didn't do that. In the 08 amendments, there's no reference to the state, no reference to sovereign immunity, and no reference to waiving sovereign immunity. So basically, we think it's a very straightforward case. If you just apply the test in Walker, which is look for clear and equivocal language, and we think the only logical place for that to be would be in the 08 amendment, because that was the first time that the circuit courts were even in play, that clearly there was no waiver. And we don't think that the argument that the waiver occurred in 1980 makes any sense, because no one could sue in the circuit court back then. And you don't need a waiver for a state agency to adjudicate cases involving other state agencies. Department of Employment Security does it, the labor boards do it, Workers' Compensation Commission does it, and I'm not aware of our office ever making an argument that those agencies could not adjudicate those claims because of sovereign immunity. Because it only applies to courts. So unless the court has any further questions... How about the question that we asked you to address? Okay, I'm sorry, Your Honor. In general, state employees can still bring claims before the commission. These particular plaintiffs, though, could not, because there's a 90-day window that's set out in the act, which was in the 08 amendment, that they have to commence the action in the commission within those 90 days, and they didn't do that here. So our position would be it's too late at this point for them to go back and try to file a complaint with the commission. So if you affirm, that would be the end of these claims. Well, does that specifically address the argument that Mr. Schmidt made, though? I think he said remand it back to the circuit court and allow the commission to be added as a defendant. I think he was suggesting this, the first I heard about it today, is that then the circuit court would order the commission to assume authority over the complaint, which I don't think it has the power to do, because under the plain language of the act, there's that 90-day limit, and once that limit is gone, it's gone, and no court would have the power at that point to order the commission to take authority. What about the case he cited, Lott v. Governor Schmidt? You know, I didn't look at that. He didn't supply me with those cases that he was going to rely on them, but I am aware of Logan v. Zimmerman-Brosch, and that was a U.S. Supreme Court case back about 30 years ago, where at that time, if the Department of Human Rights did not complete its investigation with a certain amount of time, that the complainant would just lose their cause of action. And the Supreme Court said that's a due process violation because the complainant has no control over how fast the Department of Human Rights works, where here, you know, the plaintiff's attorneys could have filed in the commission, they could have researched and read Walker and looked for this clear waiver in the Human Rights Act, but they didn't do that. So, you know, to the extent they have a beef, it's with their own attorney. Would we be without authority under Rule 315 to simply send this case back to the commission and say, take a look at this and deal with it? I mean, I don't think that the court can transfer the case from the Supreme Court to the commission. I don't think under the statute, you know, not after 90 days has passed that, but they could attempt to file a late complaint with the commission and see if it takes it, but my clients would most likely object to that. Well, but that's not my question. Do we have the authority under Rule 315? If we are so inclined, how's that? Would we have the authority under Rule 315, the general savings clause about doing good stuff as we see appropriate for the appellate court, to simply send it to the commission and say, conduct proceedings under your rules regarding these guys? I mean, I did not look at that rule, to be honest, prior to this argument, but our position would be that you cannot, and if you can, that you should not. I mean, just like a statute of limitations, you could have a perfectly good claim, but if the attorney makes a mistake, it's just unfortunate, but that's the end of the matter. And under the Act, they just said 90 days to file the commission. And it would go the other way. You couldn't first file a commission and then a year later say, you know what, I'd rather this was in the circuit court, and could the commission please transfer it to the circuit court? What about Mr. Schmidt's argument that if we look at the entire legislative scheme, that scheme holds together more reasonably if we assume that the legislature intended to waive sovereign immunity? I don't think so, because I don't think state employees are really disadvantaged by remaining in front of the commission. The commission has adjudicated these claims for 32 years. They can award all the same remedies that a circuit court can, and they've developed special expertise, so in many cases, a complainant would do better in front of the commission because it's a subtle form of discrimination. The commission would recognize it perhaps better than a circuit court judge or a jury would. Why didn't the legislature in 2008 amend the statute? Well, their amicus claim, it was because the discovery was insufficient in the commission and because there was no jury, but that's not what the debates say. And I know this court is not a big fan of comments made by straight legislators, but the limited... Mostly me. I can't speak for my colleagues. There's just a couple of pages of debates on this amendment in 2008, and what they said was, a lot of other states do it, and sometimes things bog down in the commission. So those were the two reasons that were given on the record for allowing this alternative route to the circuit court, not because people needed a jury or because the discovery was too restrictive in front of the commission. Although the sponsor originally said that the department and the commission were on board with this, on further questioning, she clarified and said they didn't object. So really, the commission and the department did not take any position on this amendment, and I think basically it was just a plaintiff's bar that they prefer to be in circuit court, but there's no legislative finding that the commission proceedings are inadequate or that state employees can't get... So again, unless this court has any further questions, we would ask that you affirm. Thank you, counsel. Rebuttal, please. Just a few comments. First, in terms of this case versus the other case, yeah, I agree. The other cases did not present the courts with the arguments we're making. We weren't in them. We don't control what other lawyers do. But we think if you look at the act as a whole, which is what Walker says you should do, and you look at it at the time we're looking at it right now, not piecemeal from when it was amended and when it was enacted, the conclusion has to be that the state knew it was subjecting itself to liability for employment discrimination cases, and knew that it was giving victims of discrimination the option of going to ICE. And the state doesn't want to deal with the fact that this is not like the statute in Walker where it says other governmental entities, it doesn't say the state. Here we explicitly say the state. And like I said, the act uses capital S, meaning the state. So I think that the other cases weren't presented with this issue for whatever reason, and so the clear reference to the state in the definition of employers, which is one of the important definitions in the employment section of the act, I think makes it clear that the legislature knew that it was subjecting itself to, in essence, the waiver of sovereign unity. Let me just say one other thing in terms of the remand issue. Again, I don't think we need to get there, and I apologize for not providing the court or counsel with citation to Lott, but all the arguments he makes with respect to the statute of limitations were also true in Lott. The time to file this independent action in state court under the section of the act, section 9102B, had run. Lott had no remedy. He could not go back and file his claim with the commission. So the only remedy the court had was what it did, and that was it directed the circuit court to let the plaintiff amend, to add the commission to the department actually as a defendant, and then order the department to process the claim. One of the reasons why that's appropriate in this case is this wasn't a mistake by the attorneys, despite what the state said. This was not a mistake by the attorneys. The notices, and we cite them in the record, that the state sent to both Mr. Lynch and Mr. Storm explicitly and bold say you have 90 days to file your complaint in the circuit court or the commission. So the state told him. Now in Watkins and maybe down below in this case, there was some sense that maybe that was being suggested as a waiver. The state is waiving sovereign immunity because the state employee said this. That's not our argument. Our argument is that that's what the state told us, and if the state was wrong about that, then Logan suggests that you can't deprive our clients of their due process right to their claims because of the negligence of the state. That's exactly what Logan was all about. So because the state sent the notice, the plaintiff followed that notice, and now it turns out that the state gave us the wrong thing, told us the wrong thing to do, the remedy is to remand the case and let us proceed with the commission. And then the last thing, again I think that the act has to be read as a whole and it can't be read piecemeal. But there were lots of reasons for the 2008 amendment. The right to trial by jury was one of them that was made available. That was part of the amendment that is not available in the commission. The speed of the discovery, the commission, and I think some of the legislative stuff suggests that the commission is historically slow after you try the case in getting your decision, and then even more delays in getting the commission to affirm or reverse that decision. So I think there were lots of reasons to do it. The fact that discovery was different certainly was also one of them. But it was written as an option. It was to give victims of discrimination the option of going to... And that's why I'm not suggesting that it's an equitable estoppel or a waiver. Well, but it sounds like the duck argument, that you may not be calling it an equitable estoppel, but it's walking and talking and quacking like a duck council. Right. And so in Lott, again, the court was faced with the same thing. Mr. Lott didn't know that the statute that the legislature had passed was going to be declared unconstitutional. He didn't know that... What court was that in Lott? It was the Illinois Appellate Court for the First District. When was that? It was, I believe, 83 is what I said. There are a number of other Lott-type decisions. Lott was the first one. The other ones don't involve the Court of Claims and the state, but they all come out the same way. None of them were accepted by the Illinois Supreme Court for review. I think one of them... You're not arguing to us that somehow that suggests approval by the Supreme Court. No, no. I'm just saying that there's a number of cases where this was the remedy for that. This is the only one that I'm aware of that dealt with the state. So, again, I think that what you should do is simply reverse and remand so that the plaintiffs can proceed on their claim in the circuit court. And if not, then I think you should reverse and remand with instructions that the circuit court allow them to have the commission and let the commission process the case. Okay. Thanks to both of you. The case is submitted. The court stands in recess.